FILED
DEC 07 2016

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JUSTIN LITTLE HAWK, | \* | CIV 16-5071 |
| | \* | CR 03-50094 |
| Movant, | \* | |
| | \* | |
| vs. | \* | MEMORANDUM OPINION AND |
| | \* | ORDER DENYING MOTION |
| UNITED STATES OF AMERICA, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Justin Little Hawk filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Federal Public Defender submitted a Notice of Intent Not To Supplement Pro Se Filing.[1] (Doc. 4.) The United States filed an Answer and a Motion to Dismiss. (Docs. 6, 7.) For the following reasons, the Motion to Dismiss will be granted and the Motion to Vacate will be denied.

## BACKGROUND

On October 23, 2003, Little Hawk was charged with assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153 (count 1), and use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (count 2). *See* Docket No. 1 in CR 03-50094. On March 25, 2004, a written plea agreement was filed where Little Hawk agreed to plead guilty to the violation of 18 U.S.C. § 924(c) in count 2. *See id.* at doc. 16. The United States agreed to recommend that the Court impose the mandatory minimum sentence of ten years' imprisonment. Little Hawk agreed that was the minimum sentence that could legally be imposed. *Id.*

---

[1]On November 19, 2015, Chief Judge Jeffrey L. Viken issued a Standing Order appointing the Offices of the Federal Public Defender for the Districts of South Dakota and North Dakota to represent all defendants in criminal cases in those districts who may be eligible to seek a reduced or modified sentence based upon the decision in *Johnson* and subsequent court decisions.

On April 6, 2004, Little Hawk appeared with counsel for a change of plea hearing. *See id.* at doc. 20. Little Hawk pled guilty to count 2 of the Indictment charging him with use of a firearm during and in relation to a crime of violence. *Id.* The Court ordered a Presentence Investigation Report (PSR). *See id.*

The PSR determined that the sentencing guideline for a violation of 18 U.S.C. § 924(c) "is found in USSG § 2K2.4(b) and calls for a guideline sentence at the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction." Accordingly, under the sentencing guidelines, and as the parties agreed in the Plea Agreement, Little Hawk's guideline sentence was the same as the statutory mandatory minimum sentence of ten years' imprisonment.

Little Hawk appeared for sentencing on June 22, 2004. *See* Docket No. 22 in CR 03-50094. The Court imposed a sentence of 120 months imprisonment, five years supervised release, and a $100.00 special assessment. *Id.* Judgment was entered by the Court on June 23, 2004. *See id.* at doc. 23. Little Hawk did not pursue a direct appeal from the Judgment.

On August 15, 2016, Little Hawk filed his pro se motion under 28 U.S.C. § 2255. *See* Docket No. 1 in Civ. 16-5071. He claims that his conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the case that invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). He contends that, after *Johnson*, his underlying offense for the § 924(c) conviction fails to qualify as a "crime of violence" and, therefore, his conviction under § 924(c) is void.[2]

---

[2] Little Hawk also refers to the residual clause of the career offender sentencing guidelines. Little Hawk was not sentenced as a career offender under the guidelines, so the constitutionality of the residual clause of the career offender sentencing guideline is inapplicable to Little Hawk's case.

At the conclusion of Little Hawk's motion, and immediately above his signature, there appears a declaration under penalty of perjury, which states that the motion was submitted "this 10th day of June, 2016." Underneath that, Little Hawk's signature is dated June 9, 2016, and the Certificate of Service at the bottom of the motion is dated June 9, 2016. (Doc. 1, p. 2.) The envelope in which the motion was sent is postmarked August 9, 2016. (Doc. 1-2.) In a cover letter to the Clerk of Court dated August 5, 2016, which accompanied his motion, Little Hawk writes:

> I am writing to you to respectfully request the status of my Motion for the Appointment of Counsel and "Place Holder" § 2255 Petition which I filed on June 9, 2016 via first class mail. Please find attached a copy for your reference. Please provide an up to date Docket Entry Sheet and any orders of the Court etc. in relation to my Motion.
> I am eagerly awaiting your earliest possible response, I thank you in advance for your time and consideration in this matter.

(Doc. 1-1.) There is no record of a § 2255 petition filed by Little Hawk on June 9, 2016.

The Court conducted the preliminary review of Little Hawk's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings and determined that an answer was required. On September 8, 2016, the government was directed to respond to the petition. (Doc. 5.) The United States' Answer to the Motion and its Motion to Dismiss were filed on September 28, 2016. (Docs. 6, 7.) Little Hawk did not file any reply.

## DISCUSSION

"A prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

## A. Timeliness

The government first argues that Little Hawk's motion is untimely. Little Hawk's conviction became final in 2004 and his motion was not filed until 2016. A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

(1) the date on which the judgment of conviction [became] final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Only § 2255(f)(3) is relevant to Little Hawk's motion.[3] The motion is based on *Johnson*, which established a new rule that has been recognized by the Supreme Court to apply retroactively to cases on collateral review. *See Welch v. United States*, --- U.S.---, 136 S.Ct. 1257 (2016). It is important to note that 28 U.S.C. 2255(f)(3) requires that a § 2255 motion relying on a newly recognized right must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court...." The one-year period prescribed by § 2255(f)(3) runs from the date of the Supreme Court's ruling initially recognizing the right asserted, and not from the date the newly recognized right was found to be retroactive. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). *Johnson* was decided by the Supreme Court on June 26, 2015, so Little Hawk had until June 26, 2016 to file a petition based on *Johnson*. Although Little Hawk claims in the letter to the Clerk of Court that he filed his § 2255 petition on June 9, 2016 via first class mail, there is no proof that Little Hawk's petition was filed prior to August 15, 2016, when it was received in the

---

[3]Little Hawk's motion was filed more than one year after the date on which the judgment of conviction became final, he does not allege that the government impeded his right to pursue collateral relief, and he is not relying upon newly discovered facts.

Clerk's Office.[4] Accordingly, because he did not file his motion until August 15, 2016, the motion was untimely under § 2255(f)(3).

**B. United States v. Prickett**

The government next argues that *Johnson*, which addressed the residual clause in 18 U.S.C. § 924(e)(1), does not apply to 18 U.S.C. § 924(c), the statute under which Little Hawk was convicted. Although the language in the residual clause at § 924(c)(3)(B) resembles the residual clause of the ACCA at issue in *Johnson*, the Eighth Circuit recently joined the Second and Sixth Circuits in holding that *Johnson's* void-for-vagueness holding does not extend to § 924(c)(3)(B). *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) (per curiam).[5] Even if Little Hawk's motion had been filed on June 9, 2016, within a year after the *Johnson* decision, it would still be untimely due to the Eighth Circuit's holding in *Prickett* that *Johnson* does not apply to a conviction under 18 U.S.C. § 924(c). The Eighth Circuit's holding in *Prickett* prohibits Little Hawk from relying on 28 U.S.C. § 2255(f)(3) to extend the accrual of his limitations period for filing a motion to vacate to the date *Johnson* was decided.

Furthermore, even if Little Hawk's *Johnson* claim was timely, his § 2255 motion would fail on the merits because the Eighth Circuit has refused to extend *Johnson* to the residual clause of 18 U.S.C. § 924(c). Accordingly, the government's motion to dismiss must be granted, and Little Hawk's § 2255 motion must be denied because the motion is untimely and because *Johnson* does not apply to 18 U.S.C. § 924(c).

---

[4]Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline. *See United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006). Little Hawk does not appear to have invoked the prison mailbox rule. Rather, in his letter to the Clerk, he claims to have filed a § 2255 motion by first class mail on June 9, 2016, and that his August 15 filing is simply a copy of that motion. But the filing on August 15, 2016 was this Court's first notice of Little Hawk's § 2255 motion, and there is no evidence he deposited his filing in his prison's mail system on or before June 26, 2016.

[5]*Prickett* was decided almost a month after this Court directed the government to respond to Little Hawk's motion.

## C. Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Little Hawk has not made a substantial showing of a denial of a constitutional right. Accordingly,

IT IS ORDERED:

(1) That Little Hawk's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (doc. 1) is denied;

(2) That the United States of America's Motion to Dismiss, doc. 7, is granted; and

(3) That a certificate of appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 7th day of December, 2016.

BY THE COURT:

*/s/ Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
        DEPUTY